JOYNRS, J.,
delivered the opinion of the court:
indictment case a single count, in which the prisoner is charged with breaking and entering, in the night time, the shop of Hugh E. Eyle with intent to steal the goods of said Hugh E. Eyle “then and there being found,” and with stealing certain articles “then and there being found.” Among the articles alleged to have been stolen was “one lot of queensware. ’ ’
The prisoner having been found guilty by the jury, moved the court to arrest the judgment; and assigned as the ground of the motion that the charge of stealing “one lot of queensware,” without further description, is so uncertain that the prisoner could not, if subsequently indicted for stealing the specific articles comprised in the said ‘ ‘lot of queensware, ’ ’ avail himself of the plea of former conviction in this case. And the further ground is taken in the petition that the articles alleged to be stolen are not described as the property of any person. The grounds thus alleged for arresting the judgment both rest upon the assumption that, by the verdict in this case, the petitioner has been found guilty of the crime of larceny, and not merely . of the crime of breaking and entering *the shop with intent to commit lar-The Speers v. Commonwealth, that the effect of á general verdict of guilty upon such a count as the one in this case, is to convict the prisoner of the crime of breaking and entering with intent to commit larcen3’’, and not of the crime of larceny also. The ground upon which the motion in arrest was placed in the court below cannot, therefore, be sustained. And the further ground taken in the petition is equally untenable. As we have held in Speers v. Commonwealth, the allegation of an actual larceny is onlj- in aid of the allegation of intent. If that allegation were struck out altogether, enough would remain to describe the offence of which the prisoner has been convicted.
Such being the object for which the charge of an actual larceny is introduced in cases of this character, it need not be laid with the same formality as in an' indictment for the larceny itself. Larned v. Commonwealth, 12 Metc. R. 240; Commonwealth v. Doherty, 10 Cush. R. 52. And see Regina v. Clarke, 1 C. & K. 421 (47 Eng. C. L. R.). It is always better, however, to lay the charge of larceny in proper form, to avoid objection in case the prisoner should, as he may, on such a count as this, be found not guilty of the breaking and entering, but guilty of the larceny. I do not mean to intimate, however, that the objections taken in this case would have been sufficient to arrest the judgment, if the prisoner had been found guilty of larceny. The description of the goods stolen as “a lot of queensware,” is sufficient, after verdict. And upon a subsequent indictment of stealing the specific articles embraced in the lot of queensware,” the prisoner would not lose the benefit of a plea of former conviction, because he would have a right to establish the of the articles proof. 3 Greenleaf Evid. g 36; 2 Eeading Crim. Cases *500-561. And so the allegation that the prisoner broke and entered the shop with intent to steal the goods of Eyle “then and there found,” and that he “then and there stole the goods described,” is a sufficient averment, after verdict, that the goods stolen were the of
But I am of opinion that the court erred in overruling the objection of the prisoner to the admission of the confession offered in evidence against him. The confession was made while the prisoner was in custody of Humphreys, a special constable, who, together with Eyle the prosecutor and owner of the shop and goods, was taking him to jail after he had been committed by the magistrate. While on the road Humphreys said to the prisoner, ‘ ‘you had better tell all about it.” After the parties had gone about a mile further, and without, as far as. appears, any other remark having been made by any one of them, the prisoner said to Eyle, “I will tell all about it,” and proceeded to make the confession which was given in evidence. The confession, though *463 not made immediately after the remark of Humphreys to the prisoner, seems evidently to have been induced by it. The form of the prisoner’s first remark to Lyle indicates that it was made with reference to what Humphreys had said to him, and as the result of reflection in the interval. His reflection upon the remark of Humphreys seems to have led him to the conclusion that it would be better for him to “tell all about it;” and he therefore proceeded to do so.
Humphreys was a 1! person in authority, ’ ’ within the doctrine established by this court in Smith’s Case, 10 Gratt. 734; and Shifflet’s Case, 14 Gratt. 652. That such a remark as that made by Humphreys, proceeding- from a person in authority, will render a confession induced by it inadmissible is well established by the English *cases, and was recognized in the opinion of Judge Moncure in Shifflet’s Case, in which all the other judges concurred. 1 Greenleaf Evid. § 219; Rex v. Kingston, 4 C. & P. 387 (19 Eng. C. L. R. 434) ; cases cited, 2 Leading Cr. Cases 164-232.
In another part of the bill of exceptions, the remark of Humphreys is stated to have been, “you had as well tell all about it.” But we must take it to have been in the other form, in which it is given in that part of the bill which states the evidence which was admitted by the court. The difference between the two forms of expression is unimportant. One form of expression was calculated to produce as much effect, and the very same effect, upon the mind of the prisoner as the other.
I am of opinion to reverse the judgment, set aside the verdict, and remand the case for a new trial.
Judgment reversed.